STATE *vs.* WOODROW JONES *et al.*

MARCH 19, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, and Condon, JJ.

CAPOTOSTO, J.   These cases are here on motions by the state to dismiss the bills of exceptions of Woodrow Jones and James Hamlin, which bills of exceptions were prosecuted by them to review a decision by a justice of the superior court denying their motions to withdraw a plea of *nolo contendere* and to plead not guilty in two cases for robbery, and one for assault with intent to rob. The question being the same in all three cases, we will treat them as one case. The sole question now before us is whether this court has jurisdiction to entertain defendants' bills of exceptions.

The record before us consists of the indictment, of certain papers filed in the superior court in connection with the indictment, and of a transcript of the proceedings had in that court on March 30, May 20 and June 3 and 4, 1942. Our examination of this record discloses the following basic facts: An entry endorsed on the indictment shows that, on March 30, the defendants were severally arraigned in the superior court; that each entered a plea of *nolo contendere;* that they were committed without bail; and that the case was continued to May 4 for sentence. The transcript for that same day shows that, at the time of arraignment, Jones was represented by counsel, while Hamlin was not so represented.

In this situation, the court offered to appoint counsel for Hamlin, but he declined such offer, saying that he had his own counsel, who, for some unknown reason, was not then present. He then pleaded *nolo* on the advice of counsel for Jones, whereupon the court continued the case to May 4 "for sentence", so that Hamlin might have ample opportunity to consult with his own counsel.

Among the papers in this case we find an entry of appearance by counsel for Hamlin, dated and filed in the superior court on March 30, the same day that Hamlin pleaded *nolo contendere* in the circumstances just described. According

to the transcript, it appears that sometime after said date Hamlin's counsel consulted with the assistant attorney general and secured from him a continuance of two weeks beyond May 4, the day to which the case was assigned for sentence.

On May 20, when the defendants were brought before the court for sentence, counsel for both Jones and Hamlin asked the court for a further continuance of two weeks. The court granted this request and continued the case to June 3 "for sentence". When the defendants appeared for sentence on June 3, counsel for each of them informed the court that they had filed motions for permission to withdraw the pleas of *nolo contendere* and to plead not guilty. These motions were then heard and denied by the court, to which rulings the defendants' exceptions were noted. The next day, June 4, the defendants were sentenced to imprisonment for thirty years on the two charges for robbery and were committed. The case for assault with intent to rob was continued for sentence.

Each defendant now contends that if he cannot come here by bill of exceptions he will be denied the right to a review of the ruling in question, since a possible review of such ruling under different proceedings would rest in the discretion of this court. He admits that the case of *In re Lanni,* 47 R. I. 158, in which one justice dissented, is directly in point and squarely against his contention. Accordingly, he, in substance, asks us to adopt the view of the dissenting opinion and to overrule the decision of the court in that case, in so far as that decision relates to the matter now before us for determination. The state, on the other hand, contends that the *Lanni* case was properly decided and is controlling in the instant case.

The right to maintain a bill of exceptions is a privilege to be exercised as prescribed by the statutes. G. L. 1938, chap. 542. This court has consistently held that such statutes are to be strictly construed. *Gordon* v. *Providence Auto Co., Inc.,* 61 R. I. 49, 50; *Hartley* v. *Rhode Island Co.,* 28 R. I.

157. See *State* v. *Brown and Spellman,* 40 R. I. 527; *State* v. *Amaral,* 47 R. I. 245. The statutes relating to bills of exception and controlling here are the same now as in 1925, when the case of *In re Lanni, supra,* was decided. There the court held that the defendant, by pleading *nolo contendere,* waived his right to review by bill of exceptions. After serious consideration, we find no reason to disagree with the opinion of the court in that case.

The defendants in the instant case rely on the cases of *Thrift* v. *Thrift,* 30 R. I. 357, *Paine* v. *Paine,* 43 R. I. 478, and *Valentine* v. *Knox,* 45 R. I. 429. These cases lend them no assistance. The *Thrift* and *Paine* cases are not exceptions to the ordinary rule, consistently followed by this court, providing for a right of review by bill of exceptions after verdict or final decision on the merits and before judgment. The *Thrift* case holds that a suit for divorce is a "civil action" within the meaning of G. L. 1909, chap. 298, sec. 8, now G. L. 1938, chap. 542, § 1, and that a party in such a suit, aggrieved in the manner set forth in said § 8, has the right to take exceptions, "which may form the basis of a bill of exceptions *under the statutes.*" (italics ours) The *Paine* case, which is also a suit for divorce, holds that an exception to the denial of a motion for a new trial on the ground of newly discovered evidence may be prosecuted to this court by bill of exceptions, provided such proceedings are instituted before the expiration of seven days after notice of *decision on the merits.*

The *Valentine* case is an exception to the general rule governing bills of exceptions. In that case this court apparently chose to exercise its broad revisory jurisdiction under the constitution and the statutes, by permitting the use of a bill of exceptions to review a ruling of the superior court in reference to costs made *after judgment* in a civil case. Article XII, sec. 1 of amendments to the constitution; G. L. 1938, chap. 495, § 2; G. L. 1938, chap. 497, § 6. But, at page 431 of that opinion, the court said that it came to its conclusion "with some hesitation" and immediately thereafter stated

that such action should not be regarded as a precedent for any further extension of the use of a bill of exceptions beyond that specifically set down in the statutes. In the *Lanni case, supra,* at page 161, the court explained its decision in the *Valentine* case on the ground that it was there "confronted with a line of cases, in which question as to the propriety of the practice had not been raised, and the court had passed on such an exception." While decisions, rulings and orders of the superior court upon any matter *subsequent* to judgment were later made reviewable by bill of exceptions under rule 21 of this court's Rules of Practice, there is no such rule applicable to a matter arising *before* judgment and under circumstances as shown by the record before us.

The motion of the state to dismiss the bill of exceptions of each defendant in all three cases is granted, each bill of exceptions is dismissed, and each case is remitted to the superior court for further proceedings.

*John H. Nolan,* Attorney General, *John O. Pastore,* Asst. Atty. Gen., for State.

*Charles A. Kiernan,* for defendant James Hamlin.

*Thomas J. McGauley,* for defendant Woodrow Jones.

